## MASTRANDREA v. PENNSYLVANIA R. CO.

No. 8057.

Circuit Court of Appeals, Third Circuit.
Argued Nov. 17, 1942.

Decided Dec. 8, 1942.

Samuel V. Albo, of Pittsburgh, Pa. (Henry Mustin, of Pittsburgh, Pa., on the brief), for appellant.

Samuel W. Pringle, of Pittsburgh, Pa. (Dalzell McFall & Pringle, of Pittsburgh, Pa., on the brief), for appellee.

Before BIGGS, MARIS, and JONES, Circuit Judges.

## PER CURIAM.

Marco Anthony Mastrandrea, for whose death the administratrix of his estate seeks damages, was for many years a crossing watchman for the defendant railroad company. While in the performance of his duties as watchman at a main line crossing in Carnegie, Pennsylvania, he was struck by the side of the locomotive of a rapidly moving freight train and received injuries which caused his death almost immediately. The crossing was frequently traversed by trains engaged in interstate commerce, as was the train whose locomotive struck him.

In order to save from harm several children of tender years, whose actions gave indication of their intent to enter upon the crossing forthwith, Mastrandrea placed himself in a position of danger, in relation to the oncoming freight train, from which position he was unable to extricate himself in time to avoid being struck. In thus laying himself open to great danger in order to protect others, without thought of his own safety, his conduct was truly heroic.

But the plaintiff's suit for damages, which, under the circumstances, was necessarily based upon the right of action conferred by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., required proof showing the defendant guilty of negligence which was the proximate cause of the fatal injuries received by Mastrandrea. Unfortunately for the plaintiff, the record in the case is barren of any facts which would justify a jury's finding that the defendant company, its agents, or servants failed to exercise ordinary care either in the operation of the train whose locomotive inflicted the fatal injuries or in any other particular relating to the accident. We, therefore, have no alternative under the law but to affirm the judgment of the court below, which ruled to like effect.

From the standpoint of a recovery by law for the death of this faithful employee in connection with his employment the case portrays an unfortunate legal situation. As we have seen, no recovery can be had under the Federal Employers' Liability Act, since the plaintiff was unable to prove the defendant negligent. On the other hand, there is no Federal compensation law applicable to the employees of carriers of interstate commerce by rail. And yet, the exclusive applicability of the Federal Employers' Liability Act, under the circumstances obtaining in this case, precluded a claim by Mastrandrea's dependents for compensation under the State Compensation Law, 77 P.S. § 1 et seq. Such a situation would seem to merit appropriate legislative consideration and correction.

The judgment of the District Court is affirmed.